

# The Attorney General

## of Texas

### Austin 11, Texas

GERALD C. MANN
WWXIXXXXIXXXXXXXXX
ATTORNEY GENERAL

June 12, 1939

Honorable E. H. Thronton, Jr.
Chariman Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:
Opinion No. 0-941
Re: Authority of Legislature
to make appropriation to
rebuild a school buid-
ing destroyed by a storm.

We are in receipt of your letter of June 7, 1939,
wherein you advise that the school building belonging to
the Clyde Independent School District was destroyed in a
storm which visited that community some months ago. You
request our opinion as to whether or not the Legislature
has the authority to make an appropriation out of the
general revenue fund of this State to erect a school
building in lieu of the one thus destroyed, and to equip
the same.

Article 3, Section 56, of the State Constitution
provides that "the Legislature shall not, except as other-
wise provided in this Constitution, pass any local or
special law, authorizing. . .the building or repairing
of school houses, and the raising of money for such pur-
poses."

Article 3, Section 51, Constitution of Texas pro-
vides that "The Legislature shall have no power to make
any grant or authorize the making of any grant of public
money to any individual, association of individuals, munici-
pal or other corporations whatsoever,, . .; provided that
the Legislature may reduce the tax rate herein levied, and
provided further that the provisions of this section shall
not be construed so as to prevent the grant of aid in cases
of public calamity."

For the purposes of this opinion it may be conceded that Section 56 of Article 3 of the Constitution would ordinarily prevent the Legislature from making an appropriation for the purpose of building a school house. Said Section 56 expressly provides for exceptions otherwise provided in the Constitution and in our opinion a case of public calamity within the terms of Section 51 would constitute such an exception.

As construed by our courts Section 51 does not prevent the Legislature from making a grant of public money to a municipal corporation where the grant is for the purpose of discharging a state obligation. City of Aransas Pass v. Keeling, 247 S. W. 818; Bexar County v. Linden, 220 S. W. 761; Road District No. 4 Shelby County v. Allred, 68 S W. (2) 164. That construction has not been made to depend upon the happening of a public calamity. If a public calamity should be of such proportions as to affect the State as a whole, the granting of relief from the same would be a State purpose and we would have no need to call upon the exception contained in said Sec. 51. To give meaning to such exception, therefore, we are constrained to hold that a grant of public money may be made in a case of public calamity although such calamity may not be of such proportions as to have a direct effect upon the State as a whole.

In our opinion, the Legislature has the authority to make the appropriation under consideration, if the storm was of such severity as to impair taxable values in the community and the ability of the tax-payers to pay their taxes, and the Legislature finds that it constitutes a public calamity.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Glenn R. Lewis
                 Assistant

GRL-MR/pam
APPROVED
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN